UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MILAN OF THE FAMILY HALL, *et al.*,

                Plaintiffs,

    -against-                              8:23-CV-14 (LEK/CFH)

EILEEN STACK, *et al.*,

                Defendants.

---

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

On January 3, 2023, Milan of the Family Hall and Minnick of the Family Hall (collectively, "Plaintiffs") brought this action pursuant to 24 U.S.C. § 1983 against Eileen Stack ("Stack") and Amy Asadourian ("Asadourian") (collectively, "Defendants"). See Dkt. No. 1 ("Complaint"). Plaintiffs allege several constitutional violations, including denial of due process, denial of equal protection, infliction of bills of attainder, and involuntary servitude. See id. Defendants now move to dismiss the Complaint. Dkt. No. 15-1 ("Motion to Dismiss" or "MTD"). Plaintiffs have provided no response. However, Plaintiffs have filed a separate motion to disqualify Defendants' counsel. Dkt. No. 18 ("Motion to Disqualify Counsel" or "MTDC"). Defendants have responded to the Motion to Disqualify Counsel, Dkt. No. 20 ("MTDC Response"), and Plaintiffs have filed a reply, Dkt. No. 23.

For the reasons that follow, Defendants' Motion to Dismiss is granted and Plaintiffs' Motion to Disqualify Counsel is denied.

## II.    BACKGROUND

### A.  Plaintiffs' Allegations

It is difficult to discern Plaintiffs' precise factual allegations from their Complaint. Plaintiffs appear to suggest that they are sovereign citizens—meaning "that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior," United States v. Ulloa, 511 F. App'x 105, 107 (2d Cir. 2013). See, e.g., Compl. at 2 (stating that Defendants are residents of "Republic of New York, Chazy Non-Domestic, Real Land North America"). As far as the Court is able to discern, Defendants are either employed by or provide services for the New York State Division of Child Support Services ("DCSS"). Compl. at 2–3.

Plaintiffs appear to object to their forced participation in and funding of social programs under Title IV-D of the Social Security Act, 42 U.S.C. §§ 651-669b, which establishes federal funding and regulations for child support services. Plaintiffs specifically state that "no section under IV-D of the act adopted by this state can ever be construed to mandate Plaintiffs['] participation in the program." Id. at 12. Plaintiffs believe that Title IV-D programs constitute "a business for profit." Id. at 3. Plaintiffs seem to argue that they have been forced, against their will, to fund this for-profit program (presumably through Plaintiffs' tax dollars). See id. at 6–7 (stating that Plaintiffs "never entered into an oral or written personal responsibility to contract with" Title IV-D program administrators, "made no [] agreement to pledge [Plaintiffs'] commercial energy to a [Title IV-D beneficiary] or cooperate in any payments, or take into account the ability of the [Title IV-D beneficiaries] to pay and participation of such [Title IV-D beneficiaries] in the project," and "made no [] agreement to pledge [Plaintiffs'] commercial energy to [Title IV-D beneficiaries] or to participate in any employment or related activities to

make regular payments"). This forced participation and funding, according to Plaintiffs, constitutes "intermeddling from the Defendants and all other participants who profit." Id. at 8. As such, Plaintiffs believe that they have been subject to a number of constitutional violations. For example, Plaintiffs allege that their Thirteenth Amendment rights against involuntary servitude have been violated. Id. They claim that the most appropriate way to fund Title IV-D programs is through administrative wage holdings, and that by instead funding the programs through Plaintiffs' tax dollars, the government has subjected Plaintiffs to involuntary servitude. Id.

### B. The Instant Motions

Defendants move to dismiss the Complaint under three theories. First, Defendants move under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint is devoid of any factual allegations sufficient to state a claim. MTD at 4–5. Second, Defendants argue that Plaintiffs' legal arguments are "frivolous and a waste of court resources" and must therefore be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). Id. at 5–6. Finally, Defendants assert that, pursuant to Federal Rule of Civil Procedure 12(b)(5), Plaintiffs' Complaint must be dismissed for failure to effect timely service. Id. at 7–8. Defendants specifically note that, under Federal Rule of Civil Procedure 4(m), Plaintiffs had ninety days from the filing of the Complaint on January 3, 2023, to effectuate service. Id. Yet Plaintiffs did not serve Asadourian until April 7, 2023, and Stack until April 11, 2023. Id. at 8.

While Plaintiffs have not responded to the Motion to Dismiss, they have filed a motion to disqualify Defendants' counsel. Defendants are represented by the New York State Attorney General, Letitia James. See MTDC at 2. Plaintiffs argue that the Attorney General may not represent Defendants because Defendants are "private persons," and their employer (DCSS) is

not a state agency but rather a "foreign entity." Id. at 5–18. Defendants argue that there is "absolutely no legal basis for disqualification of the Office of the Attorney General as counsel for Defendants," and that "Plaintiffs' sole purpose in filing this motion is to create delay and interrupt the attorney-client relationship." MTDC Resp. at 1.

## III.   LEGAL STANDARD

### A.  Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The Supreme Court has stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleading facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

4

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks and citations omitted).

### B. Motion to Disqualify Counsel

"The authority of federal courts to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process.'" United States v. Prevezon Holdings Ltd., 839 F.3d 227, 241 (2d Cir. 2016) (quoting Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005)). "[M]otions to disqualify opposing counsel are disfavored in this Circuit because they are often interposed for tactical reasons and result in unnecessary delay." Capponi v. Murphy, 772 F. Supp. 2d 457, 471 (S.D.N.Y. 2009) (citations and quotations omitted). As such, "the party seeking disqualification must meet a heavy burden of proof in order to prevail." Gormin v. Hubregsen, No. 08-CV-7674, 2009 WL 508269, at *2 (S.D.N.Y. Feb. 27, 2009) (citation and internal quotation marks omitted).

## IV.   DISCUSSION

The Court grants Defendants' Motion to Dismiss for a number of reasons.

First, Plaintiffs do not have standing to bring this action. To establish Article III standing, a plaintiff must show that: (1) she suffered an "injury-in-fact—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical; (2) there was a causal connection between the injury and the conduct complained of; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992) (cleaned up). Here, Plaintiffs have not alleged an injury-in-fact that is "concrete and particularized." Courts have routinely emphasized that mere opposition to government programs by a taxpayer "is insufficient

to confer . . . standing to bring a lawsuit seeking to hold a government action or a statute unconstitutional in the absence of an articulable injury-in-fact that is distinct from the injury suffered by all such citizens or taxpayers." Schulz v. U.S. Fed. Reserve Sys., 370 F. App'x 201, 202 (2d Cir. 2010). Thus, because this suit appears to be predicated merely on opposition to Title IV-D, Plaintiffs do not have standing. This action therefore must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), as this Court lacks subject matter jurisdiction.

Second, as Defendants correctly point out, the Complaint is devoid of any specific factual allegations relating to Defendants' conduct. Plaintiffs have therefore failed to plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, and thus this action must also be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

Finally, as Defendants note, Plaintiffs have failed to effectuate proper service. Pursuant to Rule 4(m), Plaintiffs ninety days from the filing of the Complaint to effectuate service. Given that the Complaint was filed on January 3, 2023, see Compl., the last day Plaintiffs could effectuate service was April 3, 2023. Yet Asadourian was not served until April 7, 2023, and Stack was not served until April 11, 2023. See Dkt. No. 14. This action must therefore also be dismissed under Rule 12(b)(5) for insufficient service of process.

Federal Rule of Civil Procedure 15 provides that the court should freely give leave for plaintiffs to amend their complaint "when justice so requires." In this case, because Plaintiffs lack standing to assert their grievances regarding Title IV-D, any further attempts to amend their complaint to state a claim would be futile. The Court therefore dismisses the Complaint against Defendants with prejudice. See Nwaokocha v. Sadowski, 369 F. Supp. 2d 362, 372 (E.D.N.Y. 2005) ("A court [] has discretion to dismiss with prejudice if it believes that amendment would

be futile or would unnecessarily expend judicial resources."). Given that this case is dismissed, the Court denies Plaintiffs' Motion to Disqualify Counsel as moot.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' Motion to Disqualify Counsel (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED**, that this action is **DISMISSED with prejudice**; and it is further

**ORDERED,** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      November 17, 2023
            Albany, New York

LAWRENCE E. KAHN
United States District Judge